OPINION
{¶ 1} Plaintiff Lori Lynn Wallace appeals a judgment of the Court of Common Pleas of Guernsey County, Ohio, which modified her parental rights and responsibilities. Appellant assigns three errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY REASONING THAT IT IS IN THE MINOR CHILD'S BEST INTEREST FOR HIS FATHER TO BE THE RESIDENTIAL PARENT RATHER THAN THE MINOR CHILD'S MOTHER.
 {¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY IMPROPERLY REASONING THAT A CHANGE OF CIRCUMSTANCES HAD OCCURRED BY LORI'S INTENDED RELOCATION [SIC] CINCINNATI.
 {¶ 4} "III. THE MAGISTRATE COMMITTED ERROR BY CONSIDERING EVIDENCE NOT IN THE TRANSCRIPT OF THE HEARING."
 {¶ 5} The record indicates appellant was the residential parent for the parties' minor child until she filed a notice of intent to re-locate from Guernsey County to Cincinnati. The magistrate to whom the matter was referred conducted an evidentiary hearing and found it was in the child's best interest for his father, appellee Randy Wallace, to be named the residential parent. The trial court overruled appellant's objections to the magistrate's decision, and adopted it as its judgment.
 {¶ 6} The court found there was a long standing conflict between appellant and appellee's wife. In 2002, the magistrate noted the on-going litigation and animosity is not in the best interest of the child. In February 2004, the minor child, then nine years old, was hospitalized in the Bethesda Child and Adolescent Psychiatric Ward for six days because he had cut himself with a razor and threatened to kill himself. The court found parental conflict and the impending move were stressors for the minor child. In fact, at the hospital, the child identified his biggest stressors as being put in the middle between appellant and his step-mother. This was reiterated by the child's outpatient counselor.
 {¶ 7} From this, the court concluded appellant's planned move would significantly affect the child's well being.
 {¶ 8} The court made conclusions of law, finding R.C. 3109.04
requires the court to find a change in circumstance of the child or the child's residential parent, and also to find the modification of the parental rights and responsibilities is necessary to serve the best interest of the child. The court must determine whether the harm to be caused by the modification is outweighed by the advantages.
 {¶ 9} The trial court listed the factors of R.C. 3109.04, which a court must consider in determining the best interest of the child. The factors are: (1) the wishes of each parent; (2) the wishes and concerns of the minor child; (3) the child's interaction and relationships with his parents, siblings, or persons who may have an effect on the child; (4) the child's adjustment to home, school, and community; (5) the mental and physical health of everyone involved; (6) the parent who is most likely to honor the court's established parenting time and visitation; (7) whether a parent has failed to make child support payments; (8) whether a parent has been convicted or pled guilty to a crime; (9) whether the residential parent has denied the other parent the right to parenting time; (10) whether a parent has established or is planning to establish a residence outside the state; (11) whether the parents can cooperate and make decisions together; (12) the ability of each parent to encourage a sharing of love, affection and contact between the child and the other parent; (13) any history of abuse or domestic violence by parent; and (14) the geographic proximity of the parents to each other.
 {¶ 10} The court found the proposed relocation three hours away and its effect on the child is a change of circumstances of the child and the child's residential parent. The court concluded it is in the best interest of the minor child for appellee to be named the residential and custodial parent, with visitation for appellant.
 I. {¶ 11} In her first assignment of error, appellant argues the court erred in finding it was in the child's best interest to modify custody.
 {¶ 12} Appellant urges if the court applied all the factors listed in R.C. 3109.04, it would necessarily conclude it was in the child's best interest to remain with appellee.
 {¶ 13} In general, the Supreme Court has directed us to apply the abuse of discretion standard when reviewing a trial court's determination in a domestic relation case, Booth v. Booth
(1989), 44 Ohio St. 3d 142. The Supreme Court has made the abuse of discretion standard expressly applicable to custody proceedings in Miller v. Miller (1988), 37 Ohio St. 3d 71. The Supreme Court has always defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, Booth, supra at 144.
 {¶ 14} We have reviewed the record, and we find the trial court did not abuse its discretion in finding the child's best interest is served by modifying the parental rights and obligations so appellee would be the residential parent.
 {¶ 15} The first assignment of error is overruled.
 II. {¶ 16} In her second assignment of error, appellant argues the court abused its discretion in finding appellant's intended relocation to the Cincinnati area was a change in circumstances. Appellant argues her relocation alone is not a change in circumstances.
 {¶ 17} The court's findings of fact amply support the conclusion appellant's relocation to Cincinnati and its effect on the child constitute a change in circumstances.
 {¶ 18} The second assignment of error is overruled.
 III. {¶ 19} In her third assignment of error, appellant argues the court considered evidence outside the record.
 {¶ 20} The matter was tried on May 2, 2005. Appellee testified he had submitted an open enrollment inter-district application so the minor child could attend Rolling Hills Local School District even though appellee resides in the East Muskingum Local School District. On the date of the hearing, the parties had not learned whether the application was accepted.
 {¶ 21} On May 6, 2005, the magistrate conducted an in camera interview with the minor child. We do not have a record of the interview.
 {¶ 22} The record contains a letter dated May 5, 2005, from appellee's counsel to the magistrate indicating the child's application to Rolling Hills Local School District had been approved. The letter also stated appellee's counsel was forwarding a copy of the letter to appellant's counsel.
 {¶ 23} The magistrate filed her decision on May 12, 2005, and the trial court's judgment overruling appellant's objections was filed July 18, 2005.
 {¶ 24} We find the trial court did not err in adopting the findings of fact and conclusions of law contained in the magistrate's decision. Accordingly, the third assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Guernsey County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Guernsey County, Ohio, is affirmed. Costs to appellant.